EASTERN DIS.
August, 1832.

GAYOSO
vs.
WIKOFF ET AL.

---

GAYOSO vs. WIKOFF ET AL

APPEAL FROM THE COURT OF THE THIRD DISTRICT.

The suing out of an injunction against the execution of a judgement, is not such a breach of the bond as renders the principal and his surety responsible.

The facts are set forth in the opinion of the court, delivered by PORTER, J.

This action is brought on a bond given in a suit where property had been sequestrated. The condition of the obligation is: "Now if the said William Wikoff, sen., shall, well, and truly deliver the said negro woman slave, when thereto required by the said sheriff, or his successors in office, and shall not send away the same out of the jurisdiction of the court, and shall not make any improper use of said slave, then this obligation to be null and void, otherwise to remain in full force and virtue."

Judgement was given against the defendant, and an order made that he deliver the property. A writ of possession was put in the hands of the sheriff, but before he could execute it, proceedings were stayed by an injunction, which the defendant obtained against it. This injunction was subsequently dissolved, and on its dissolution, the slave was delivered on the first demand of the sheriff; so that the sole question is, whether the suing out of an injunction against the execution of the judgment, be such a breach of the bond, as renders the principal and his surety responsible.

Gayoso
*vs.*
Wikoff et al.

The suing out of an injunction against the execution of a judgement, is not such a breach of the bond as renders the principal and his surety responsible.

We think not. The condition was, that the obligor should deliver the slave to the sheriff when required; that is, when legally required. Now, the officer could not lawfully demand the property in virtue of the writ of possession, when an order of court prohibited him from doing so. The delays occasioned by vexatious proceedings in court, cannot be considered a breach of a bond of this description; they were such as the law sanctioned, and if the plaintiff sustained injury by the injunction, his remedy was on the injunction bond, not on that given in sequestration; the surety was only responsible for the non-delivery of the slave, when he could be legally demanded under the authority of the court, and there would be just as much reason to make him pay for the principal having taken an appeal without cause, as for having sued out an injunction on frivolous pretences.

It is, therefore, ordered, adjudged, and decreed, that the judgement of the District Court be reversed; and it is further adjudged and decreed, that there be judgement for defendant with costs in both courts.